UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ELIZABETH SINES, et al.,

               Movants,

      v.

KYLE CHAPMAN,

               Respondent.

Case No.  20-mc-80104-SK

**ORDER GRANTING MOTION TO COMPEL**

Regarding Docket No. 1

Movants seek to compel Respondent to comply with a subpoena for the production of documents issued in the course of underlying litigation in the Western District of Virginia, *Sines v. Kessler*, No. 3:17-cv-00072-NKM.  (Dkt. 1.)  The subpoena was issued on October 25, 2018.  (Dkts. 1-2; 1-8.)  The subpoena was served on Respondent on December 10, 2018.  (Dkt. 1-3.)  A protective order has been issued in the underlying litigation which protects the production of documents and the exchange of confidential information.  (Dkt. 1-2 (Attachment B).)  A copy of the protective order was served on Respondent alongside the subpoena.  (*Id.*)  The subpoena calls for the production of documents in San Francisco, California within 30 days of its service.  (Dkt. 1-2.)  Respondent was served at his residence in Daly City, California.  (Dkt. 1-3.)  Respondent provided objections to Movants' agent at Wheels of Justice, 52 Second Street, San Francisco, on January 31, 2019.  (Dkt. 1-4.)  Respondent mailed further objections to Movants on April 3, 2019. (Dkt. 1-5.)  Movants and Respondent exchanged correspondence regarding the substance of Respondent's objections to the subpoena.  (Dkts. 1-6, 1-7, 1-8.)  Movants brought the instant motion to compel on June 16, 2020.  (Dkt. 1.)  Respondent opposes the motion.  (Dkt. 7.)

Respondent also files a document styled "Objection to Reply Evidence" (Dkt. 14) and a request for judicial notice (Dkt. 15.)

Having reviewed the submissions of the parties, the relevant legal authorities, and the

record in the case, the Court HEREBY GRANTS the motion to compel for the reasons set forth below.  Respondent must comply with the subpoena and produce all relevant documents within his possession or control as soon as possible, but in any event no later than September 1, 2020.  The Court overrules Respondent's "Objection to Reply Evidence" and DENIES the request for judicial notice.

## BACKGROUND

Movants are the plaintiffs in the underlying action in the Western District of Virginia. (Dkt. 1.)  That action seeks damages for severe injuries to the plaintiffs against the individuals and organizations that planned and organized the Unite the Right rally, a violent neo-Nazi and white supremacist event that took place in Charlottesville, Virginia, on August 11 and 12, 2017.  (*Id*.) Respondent is not a defendant in the underlying litigation.  (*Id*.)  However, Movants contend that he is a third party likely to possess information relevant to their claims because of his presence on the internet, including as the founder of "Fraternal Order of Alt-Knights" (a defendant in the underlying litigation); his posts on Facebook, Twitter, and other social media sites used to promote the event; and his notoriety for beating protesters with a wooden club on film in Berkeley, California, in March of 2017.  (*Id*.)

The subpoena at issue comprises nine requests for the production of documents.  (*Id*.) Request No. 1 seeks documents concerning the underlying litigation.  (Dkt. 1-2.)  Request No. 2 seeks documents and data associated with Respondent's social media accounts.  (*Id*.)  Request No. 3 seeks all documents and communications concerning the rally.  (*Id*.)  Request No. 4 seeks documents and communications related to Respondent's accommodations on the nights of August 11 and 12, 2017, as well as transportation to and from the rally on those dates, and information regarding who arranged and paid for such accommodation and transportation.  (*Id*.)  Request No. 5 seeks documents and communications sufficient to identify any entity or individual that provided financial support to or assisted in organizing the rally, and the amount, nature, purpose, and ongoing status of such financial contributions.  (*Id*.)  Request No. 6 seeks documents and communications relevant to Respondent's association with the Fraternal Order of the Alt-Knights. (*Id*.)  Request No. 7 seeks any policies, procedures, guidelines, or directives issued or shared by

1   the Fraternal Order of the Alt-Knights concerning its members' attendance of the rally.  (*Id.*)

2   Request No. 8 seeks any records of meetings of the Fraternal Order of the Alt-Knights.  (*Id.*)

3   Request No. 9 seeks documents and communications related to Respondent's criminal history

4   from January 1, 2015 through August 12, 2017.  (*Id.*)

5       Respondent objects to the requests for production on several grounds.  (Dkt. 7.)  First,

6   Respondent argues that Movants' did not confer in good faith prior to seeking judicial resolution

7   of their conflict pursuant to Federal Rule of Civil Procedure 37 and Civil Local Rule 37-1.  (*Id.*)

8   Second, Respondent argues that the motion to compel is untimely because the third party

9   discovery cutoff date in the underlying litigation was July 24, 2020.  (*Id.*)  Third, Respondent

10  argues that his objections are valid, that he has provided all of the relevant information currently

11  within his possession or control, and that Movants have not shown the documents they argue he

12  has not provided actually exist.  (*Id.*)

13                          **DISCUSSION**

14  **A.    Legal Standards.**

15      Federal Rule of Civil Procedure 45 authorizes the issuance of a subpoena to a nonparty to

16  testify, produce documents or things, or allow the inspection of premises.  Fed. R. Civ. P.

17  45(a)(1)(A)(iii).  Rule 45 incorporates the scope of discovery dictated by Rule 26.  *Cabell*, 2018

18  WL 3023343, at *2 (citing *Beaver Cty. Employers Ret. Fund v. Tile Shop Holdings, Inc.*, 2016 WL

19  3162218, at *2 (N.D. Cal. June 7, 2015)).  Accordingly, a party may subpoena "discovery

20  regarding any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ.

21  P. 26(b)(1).  On a motion to compel discovery, the moving party must first demonstrate that the

22  information requested is within the scope of permissible discovery.  *In re: Subpoena to Apple Inc.*,

23  2014 WL 2798863, at *2 (N.D. Cal. Jun 19, 2014).  The burden then shifts to the party opposing

24  discovery to show "that the information is being sought to delay bringing the case to trial, to

25  embarrass or harass, is irrelevant or privileged, or that the person seeking discovery fails to show

26  need for the information.  *Id.* (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 353 n.17

27  (1978)).  The appropriate forum for a motion to enforce a third party subpoena is in the district

28  where compliance is required.  *See Music Group Macao Comm. Offshore Ltd. v. Does*, 82 F. Supp.

United States District Court
Northern District of California

1   3d 979, 984 (N.D. Cal. 2015).

2   **B.     Discussion.**

3          Movants have propounded reasonable discovery, and Respondent must comply with the

4   subpoena.

5          Respondent's argument that Movants' did not confer in good faith prior to seeking judicial

6   resolution of their conflict pursuant to Federal Rule of Civil Procedure 37 and Civil Local Rule

7   37-1 is inapposite.  Movants bring their motion to compel under Federal Rule of Civil Procedure

8   45(d), which, as established above, governs the issuance of subpoenas to nonparties.  Federal Rule

9   of Civil Procedure 37 applies to motions brought under Rules 26(a), 30, 31, 30(b)(6), 31(a)(4), 33,

10  and 34 only. Fed. R. Civ. P. 37(a)(3).  Therefore, Rule 37 does not impose a meet and confer

11  requirement for motions brought under Rule 45.  *See Shi v. Central Arizona College*, 2008 WL

12  4001795, at *1 n.1 (N.D. Cal. Aug. 27, 2008) (finding no meet and confer requirement for Rule 45

13  subpoenas).  In turn, Civil Local Rule 37-1 applies only to motions governed by Federal Rule of

14  Civil Procedure 37.

15         Respondent's argument that the motion to compel is untimely because the third party

16  discovery cutoff date in the underlying litigation was July 24, 2020 is likewise unconvincing.

17  Federal Rule of Civil Procedure 45(d) states that "[a]t any time, on notice to the commanded

18  person, the serving party may move the court for the district where compliance is required for an

19  order compelling production."  Here, the motion to compel was brought on June 16, 2020.  The

20  third party cutoff date in the underlying litigation is July 24, 2020.  The motion to compel was

21  therefore brought within the allowed time period for third party discovery in the underlying

22  litigation.  Further, as Respondent is not a party to the underlying litigation, any delay caused by

23  litigating the motion to compel before this Court should not prejudice him.

24         Finally, Respondent's arguments that his objections are valid, that he has produced

25  everything within his possession or control, and that Movants have not proven that documents

26  exist which he has not produced are unavailing.  Respondent's objections are flawed.

27  Respondent's first set of objections contended that the entire subpoena was invalid because it was

28  issued by the incorrect court.  (Dkt. 1-4.)  However, Respondent relies on cases and Advisory

United States District Court
Northern District of California

Committee Notes on Federal Rule of Civil Procedure 45 that were decided or published prior to the 2013 amendment to the Federal Rules of Civil Procedure, which provides for enforcement in the District Court for the district where compliance is required. *See Music Group Macao*, 82 F. Supp. 3d at 984 (appropriate forum for motion to compel is district where compliance is required). Respondent's second set of objections are boilerplate. (Dkt. 1-5.)  For example, Respondent objects to every request except Request No. 4 as "overly broad, unduly burdensome, oppressive, intended to harass or vex […] and not likely to lead to discovery that is relevant […] and is not proportional to the needs of the case," without elaborating how each request is any of those things. (*Id.*)  Respondent objects to every request except Request No. 1 as containing "vague and ambiguous" terms, again without explaining how or why any given term is vague or ambiguous. (*Id.*)  Respondent objects to every request except Request No. 1 as "argumentative and requires […] a legal conclusion" without explaining why the requests are argumentative or how they call for legal conclusions.  (*Id.*)  For Request Nos. 3, 5, and 7-9, Respondent argues that the burden posed by responding to the request outweighs the benefit of the documents sought, without explaining how responding to the requests would be burdensome.  (*Id.*)  objects to every request except Request No. 1 as failing to describe the requested documents "with reasonable particularity," again without explaining how the requests are insufficiently specific.  (*Id.*)  Respondent also objects that Request Nos. 2-3 and 5-9 are "beyond the scope of this lawsuit" or are irrelevant without explaining why such information would be irrelevant to the underlying claims.  (*Id.*)

Such generalized objections to a subpoena are improper.  *See Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) (discovery "objections should be plain enough and specific enough so that the court can understand in what way the [discovery requests] are alleged to be objectionable"); *Ramirez v. Cty. of Los Angeles*, 231 F.R.D. 407, 409 (C.D. Cal. 2005) (quoting *Allianz Ins. Co. v. Surface Specialities, Inc.*, 2005 WL 44534, at *2 (D. Kan. Jan. 7, 2005) ("The familiar litany of general objections, including overly broad, burdensome, or oppressive, will not alone constitute a successful objection to an interrogatory, nor will a general objection fulfill the objecting party's burden to explain its objections.")).  Overly general objections to discovery do

United States District Court
Northern District of California

not "merit consideration and are therefore waived." *Ramirez*, 231 F.R.D. at 409..

Further, Respondent's second set of objections are counterfactual and evasive. Respondent repeatedly asserts that he was not "personally at any rally or event in Charlottesville, Virginia at any time. In fact, [Respondent] has never even been to the state of Virginia." (Dkt. 1-5.) Respondent similarly asserts that he "did not have any personal involvement with the logistics or coordination of any rally or event in Charlottesville, Virginia." (*Id.*) Factual assertions are not grounds for objection to requests for production of documents. Movants' requests are all relevant to the underlying litigation and Respondent is required to produce any and all documents within his possession, custody, or control responsive to those requests. Further, Movants have produced evidence demonstrating that Respondent's factual objections are untrue. For example, regarding Request No. 3, Respondent claims that he "did not have any personal involvement with the logistics or coordination" of the rally. Yet Movants have provided several screenshots of online communications indicating that Respondent was in fact involved with the planning of the rally and was planning on attending. (Dk. 1-6.) Given this evidence, Respondent must state clearly that he has searched for all responsive documents and either produced them or that they do not exist.

Movants seek documents that fall well within the scope of discovery permitted by Rule 26. Respondent has not shown any burden in complying with Movants' requests, and he has waived his generalized objections. Respondent must conduct a diligent search for any and all documents responsive to Movants' requests and produce them to Movants by September 1, 2020.

Respondent also argues that Movants improperly included as exhibits to their reply two deposition notices related to the underlying litigation. (Dkt. 14 "Objection to Reply Evidence").) Respondent himself introduced the issue of further discovery when he included in his opposition a request for a protective order shielding him from further discovery in the underlying litigation. Because the Court finds that Respondent failed to comply with the initial discovery requests, the Court declines to issue a protective order related to future discovery. Movants therefore properly included the notices in support of their reply arguing against the protective order. The Court therefore OVERRULES Respondent's objection. The Court states for clarity that this Order reaches only the substance of Movants' instant motion to compel document production.

United States District Court
Northern District of California

1    Respondent also files a request for judicial notice asking that the Court take notice of three judicial

2    opinions: the scheduling order in the underlying litigation; an order denying a motion to compel

3    under Rule 37; and an order regarding a party in default and failure to conduct a Rule 26

4    conference.  (Dkt. 15.)  Though these are documents of public record, none of these opinions are

5    necessary or relevant to the disposition of this matter.  The Court therefore DENIES the request

6    for judicial notice.

7                                        **CONCLUSION**

8            For the reasons set forth above, the Court GRANTS the motion to compel and ORDERS

9    Respondent to produce any and all documents responsive to all nine Requests in the subpoena as

10   soon as possible, but in any event no later than September 1, 2020.    Respondent must either

11   provide the requested documents or clearly and unequivocally state that he searched diligently for

12   the requested documents and they do not exist.

13           **IT IS SO ORDERED**.

14   Dated: August 5, 2020

15                                        _____

16                                        SALLIE KIM
                                          United States Magistrate Judge
17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

7